UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS MICHAEL PALUZZI,<br>    Petitioner,<br>  v.<br>J. SOLIS, warden,<br>    Respondent.                      / | No. C 03-5825 SI (pr)<br><br>**ORDER UPON REMAND** |

    Louis Michael Paluzzi filed this action for a writ of habeas corpus, claiming that his right to due process was violated by a decision of the Board of Prison Terms to find him not suitable for parole on October 30, 2000. The court ordered respondent to show cause why the petition should not be granted. Respondent filed an answer to the petition which asserted, among other things, that state court remedies had not been exhausted. Paluzzi filed a traverse. On July 28, 2004, this court dismissed the petition as moot based on the fact that Paluzzi had received another parole hearing on September 23, 2003 at which he was again found not suitable for parole.[1] Paluzzi appealed and the Ninth Circuit vacated the mootness dismissal and remanded the case. The Ninth Circuit determined that Paluzzi's challenges were not moot because his problems were capable of repetition yet evading review. Although the Ninth Circuit's

---

[1] Paluzzi also filed a habeas petition challenging the 2003 denial of parole, see Paluzzi v. Kane, C 06-801 SI, which asserted a due process challenge to the sufficiency of the evidence to support the 2003 parole denial. This court denied the petition on the merits on October 23, 2006. Paluzzi appealed, but his appeal was dismissed for failure to prosecute. As a result, this court now must decide whether there was sufficient evidence to support the denial of parole in 2000 after having decided that there was sufficient evidence to support the denial of parole in 2003.

memorandum disposition was filed on April 20, 2007, and the mandate issued on May 18, 2007, the actual case file was not returned to this court until last week. Now that the case file has come back, it is time to resume the litigation in this court.

When this court dismissed the petition in 2003, the parties had already filed their briefs, i.e., the petition, answer and traverse had been filed. At this point, due to the passage of time and existence of new legal authorities that may be relevant, it appears that the best course is for the court to permit the filing of supplemental briefs, if either or both parties want to file them. Each party must file and serve his supplemental brief no later than **December 21, 2007**. The supplemental brief may not exceed 20 pages in length and should not repeat arguments made in the pleadings (i.e., petition, answer and traverse) and supporting memoranda already filed. The court will then consider the parties' materials already filed in this action plus their supplemental briefs, if any, and decide the matter.

IT IS SO ORDERED.

Dated: November 5, 2007

_____
SUSAN ILLSTON
United States District Judge

2